# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GOODIN, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>CITY OF GLENDORA, et al., <br><br>　　　　　Defendants. | Case No. CV 17-3567 FMO (PLAx) <br><br> **ORDER RE: FURTHER PROCEEDINGS** |

　　　　Having reviewed the parties' pretrial filings, and pursuant to the Pretrial Conference held on April 26, 2019, the court concludes that the parties must meet and confer again and revise the pretrial documents as set forth below.[1]  Accordingly, IT IS ORDERED THAT:

　　　　1. The parties' Pretrial Exhibit Stipulation (**Document 82**) and Proposed Pretrial Conference Order (Lodged at **Document 88**) are **stricken**.

　　　　2.  The parties shall meet and confer, in person, on **April 30, 2019**, at **10:00 a.m.**, at a location within the Central District of California selected by plaintiff's counsel, unless mutually agreed upon otherwise.  The entire meet and confer shall be transcribed by a court reporter, the cost of which shall be paid by defendants.  The transcript shall be lodged with the court by no later

---

[1]  To the extent that there is any conflict between this order and what was said on the bench during the pretrial conference, this order controls.

than **noon** on **May 2, 2019**. If the transcript does not demonstrate a good faith effort to comply with this Order and resolve all of the outstanding issues, sanctions may be imposed.

3. During the meet and confer, the parties must discuss, at a minimum, the: (a) proposed pretrial conference order, including stipulated facts; (b) pretrial exhibit stipulation; and (c) jury instructions relating to the CPRA claim.

4. The parties shall revise and re-file their pretrial documents in accordance with the requirements set forth below. Note that this Order may set forth different and/or additional requirements than those contained in the Local Rules.[2] Failure to comply with these requirements may result in the imposition of sanctions and/or the dismissal of this action for lack of prosecution.

5. <u>Pretrial Conference Order</u>: The format of the proposed final Pretrial Conference Order shall conform to the format set forth in Appendix A of the Local Rules. In revising the proposed Pretrial Conference Order, the parties shall attempt to agree on and set forth as many undisputed facts as possible. The court will usually read the undisputed facts to the jury at the start of trial. A carefully drafted and comprehensively stated stipulation of facts will reduce the length of trial and increase the jury's understanding of the case.

The parties shall further revise the Pretrial Conference Order as follows:

    A. In section 5, the parties shall attempt to agree on and set forth as many uncontested facts as possible. In addition, the parties shall revise fact number 41, which is currently blank.

    B. In section 7, defendants shall set forth their affirmative defenses in the same format as plaintiff. For the affirmative defense to plaintiff's CRPA claim, the document shall be revised to briefly state that defendants are relying on an exemption pursuant to the California Public Records Act, Cal Gov. Code § 6254(f).

---

[2] Except as set forth in this order, the parties shall comply with all the dates and requirements set forth in the Case Management Order (Dkt. 17). To the extent that there is any conflict between this order and what was said on the bench during the pretrial conference, this order controls.

>For each affirmative defense[3] that is not enumerated in Rule 8(c) of the Federal Rules of Civil Procedure, defendants shall provide authority (<u>e.g.</u>, the pattern jury instruction or the case that sets out the elements of the affirmative defense) establishing that the defense constitutes a proper affirmative defense.  Defendants must also list and cite to page number of the operative pleading where the affirmative defense was asserted.

>C.  In section 8, the parties should admit the portion referring to whether plaintiff made a request under CPRA, that is not an issue that remains to be tried.

6. <u>Pretrial Exhibit Stipulation</u>:  The parties shall revise the Pretrial Exhibit Stipulation as follows.  First, the parties shall clarify which party is introducing and/or rejecting each exhibit, for example by designating the exhibits as P1 or D2).  In addition, the parties shall clarify what the photo currently designated as exhibit 10 depicts.  With respect to admissibility, the parties shall stipulate to the authenticity and foundation of exhibits whenever possible, even where not stipulating to the admission of the exhibit.  Exhibits that were not included as part of the initial Pretrial Exhibit Stipulation will not be allowed in the revised pretrial exhibit stipulation.

7. <u>Jury Instructions Re:  CPRA Claim</u>:  The parties shall meet and confer regarding the joint jury instructions and revise the instructions on the CPRA claim so that they set forth the elements clearly.

8.  No later than **noon** on **May 2, 2019**, the parties shall file (and deliver to the court's mandatory chambers box) the following documents, each captioned as "Second Amended": (a) [Proposed] Final Pretrial Conference Order; and (b) Joint Exhibit Stipulation.  In addition, the parties shall file (and deliver to the court's mandatory chamber box) their Joint Undisputed Jury Instructions Re:  CPRA claim.  If the parties are unable to agree on the jury instruction(s), then the parties shall follow the procedures set forth in the Case Management Order (Dkt. 17).  Failure to timely file these pretrial documents may result in the imposition of sanctions.

---

[3] Affirmative defenses are "those matters on which the Defendant bears the burden of proof.  They are matters which would defeat Plaintiff's claim even if Plaintiff established the elements of the claim."  Local Rules, Appendix A.

9.  The parties shall email the documents referenced in paragraph 8 to the court's chambers email box (fmo_chambers@cacd.uscourts.gov) in Word or WordPerfect format (the court's preference).

10.  The parties shall attend another pretrial conference on **May 6, 2019**, at **2:00 p.m.** in Courtroom 6D of the First Street Courthouse.

11.  The trial is scheduled to begin on **Tuesday, May 7, 2019**, at **9:00 a.m**.  On the first day of trial, **counsel must appear at 8:45 a.m.** to discuss preliminary matters with the court.

12.  Failure to comply with this Order or the requirements of the court's previous orders may result in the imposition of sanctions.

Dated this 29th day of April, 2019.

/s/
Fernando M. Olguin
United States District Judge
